FINK v. GLAUBER.

(Supreme Court, Appellate Term. February 18, 1910.)

1. APPEAL AND ERROR (§ 1056*)—REVIEW—ADMISSION OF EVIDENCE.

Where the evidence is so conflicting that it is doubtful whether plaintiff has sustained his burden of producing a preponderance of evidence, almost any error in the exclusion of evidence offered by defendant becomes material.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4187–4193; Dec. Dig. § 1056.*]

2. EVIDENCE (§ 158*)—BEST AND SECONDARY.

In an action by a subcontractor against the owner of premises for work done, it being alleged that the owner had promised to pay for it, it was prejudicial error to exclude contradictory statements of the main contractor as to whether he included plaintiff as a creditor in his schedule in bankruptcy proceedings, and whether plaintiff was a creditor of his when he went into bankruptcy; such questions not being incompetent, as calling for the contents of a written instrument, as the instrument was not admissible until proper foundation had been laid.

[Ed. Note.—For other cases, see Evidence, Dec. Dig. § 158.*]

Seabury, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Louis Fink against Emily Glauber. Judgment for plaintiff, and defendant appeals. Reversed, and new trial ordered.

Argued before SEABURY, LEHMAN, and BIJUR, JJ.

Goldsmith & Rosenthal (Milton M. Goldsmith, of counsel), for appellant.

Myron Sulzberger, for respondent.

LEHMAN, J. The plaintiff sues to recover for services which he alleges that he rendered at the special instance and request of the defendant, upon her promise to pay therefor. At the trial it appeared that the defendant made certain alterations upon premises belonging to her; that she had a general contract with one Forbs for the performance of the work; that plaintiff had a subcontract with Forbs to remove the material excavated upon the premises; that defendant and Forbs subsequently went into bankruptcy. The plaintiff claims that, owing to the disagreement between defendant and Forbs, he stopped working for Forbs, and that defendant then directed him to continue working for her, and promised to pay him for such work at the same rate as he had been paid by Forbs. The defendant denied this promise. The issue, therefore, was very narrow: Did the plaintiff perform the work for which he is suing under an agreement with defendant, or under an agreement with Forbs?

It seems to me that there were many circumstances in the case corroborating the version of the defendant, and I am in doubt whether it can possibly be held that the plaintiff has sustained his burden of producing a preponderance of evidence. Under such circumstances, almost any error in the exclusion of evidence offered by the defendant becomes material. At the trial Forbs testified to a promise of

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

defendant to pay the plaintiff. He further testified that he had paid plaintiff in full, and that he owed him nothing at that time. So this promise could not be construed as a guaranty, but was an original promise. On cross-examination defendant tried to contradict him by evidence of contradictory statements made out of court, and asked,

"Will you tell this court you didn't include Mr. Fink in your schedule as a creditor for $80?"

"Was Mr. Fink a creditor of yours when you went into bankruptcy?"

Both these questions were excluded as calling for the contents of a written instrument. Clearly both these questions were competent on cross-examination, since the instrument was not admissible until proper foundation had been laid, and their exclusion was prejudicial.

Judgment should be reversed, and new trial ordered, with costs to appellant to abide the event.

BIJUR, J., concurs.

SEABURY, J. (dissenting). This case presented a sharp conflict of fact; the issues being whether the defendant employed the plaintiff, and whether the plaintiff performed the services for which he sues to recover in this action. This is essentially a case where the determination of the trial court should be regarded as conclusive. Unless this court is to act as an appellate jury to determine issues of fact, the judgment which has been rendered should not be disturbed. While the case is not free from error, a review of the whole case shows that no error was committed which was prejudicial to the defendant. The parties were given a fair trial in which to determine their controversy, and, the evidence being sufficient to sustain the judgment, the rights of neither the litigants nor the public require that we should perpetuate this dispute by sending the cause back for a new trial.

The judgment should be affirmed, with costs.